IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN J. SUDLER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 09-430-JJF |
| | : |
| CARL DANBERG, PERRY PHELPS, | : |
| and CORRECTIONAL MEDICAL | : |
| SYSTEM, | : |
| | : |
| Defendants. | : |

Benjamin J. Sudler, Pro se Plaintiff. James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

July 21, 2009
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Benjamin J. Sudler ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has paid the filing fee.[1] (D.I. 5.) For the reasons discussed below, the Court will dismiss the claims against Defendants Carl Danberg ("Danberg") and Perry Phelps ("Phelps") as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), and will allow Plaintiff to proceed against Defendant Correctional Medical System ("CMS").

## I. BACKGROUND

Plaintiff alleges that Defendants are deliberately indifferent to his serious medical needs. More particularly, he complains that needed prescription medications are not administered in a timely manner, and that although scheduled in August 2007, he has yet to see a cardiologist. Attached to the Complaint are numerous medical grievances submitted by Plaintiff supporting his claim. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the

---

[1] Plaintiff sought, and was granted, leave to proceed in forma pauperis. (D.I. 1, 4.) The Court considers his payment of the filing fee as a waiver of the in forma pauperis status.

-1-

Complaint by the Court. The screening provision is intended to be applied sua sponte, and is to be done as soon as practicable. Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). While the Third Circuit has not ruled on the issue, other courts of appeals have found that this screening provision applies regardless of whether the prisoner paid the filing fee. See Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (joining Fifth, Sixth, and Tenth Circuits); Lewis v. Estes, 242 F.3d 375 (Table), 2000 WL 1673382, at *1 (8th Cir. 2000); Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999).

Section 1915A(b)(1) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must

accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter

(taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d at 235 (quoting Twombly, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

### III. DISCUSSION

There are no allegations directed towards Danberg and Phelps. Danberg is the Commissioner of the Delaware Department of Correction and Phelps is the warden at the VCC. It appears that the foregoing individuals are named as Defendants based upon their supervisory positions.

Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified,

absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." Id. He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. Id.

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). There is nothing in the Complaint to indicate that Danberg or Phelps were the "driving force [behind]" Plaintiff's alleged constitutional violation. More so, the Complaint does not indicate that these Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his

5

plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the Court will dismiss the claims against Danberg and Phelps as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the claims against Defendants Danberg and Phelps as frivolous pursuant to 28 § 1915A(b)(1). Plaintiff will be allowed to proceed against CMS.

An appropriate Order will be entered.