```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

BENJAMIN J. SUDLER,                :
                                   :
        Plaintiff,                 :
                                   :
    v.                             : Civil Action No. 09-430-JJF
                                   :
CORRECTIONAL MEDICAL               :
SYSTEM,                            :
                                   :
        Defendant.                 :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Appointment Of Counsel (D.I. 19)

I.  BACKGROUND

Plaintiff Benjamin J. Sudler ("Plaintiff"), who appears pro se, is an inmate at the James T. Vaughn Correctional Center. He filed this civil rights action pursuant to 42 U.S.C. § 1983 for violation of constitutional rights. Additionally, Plaintiff has filed interrogatories propounded to Defendant and request for production of documents.

II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for appointment of counsel stating he is unable to afford counsel, the issues in the case are complex, he has limited law library access and knowledge of the law.

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent

civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing the "[t]he court may request an attorney to represent any person unable to afford counsel"); Montgovery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002). Section 1915(e)(1) affords district courts broad discretion in determing whether appointment of counsel in a civil case is appropriate. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

When evaluating a motion for the appointment of counsel filed by a pro se plaintiff, initially, the Court must examine the merits of the plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6F.3d at 157). If the case has arguable merit in law and fact the Court should proceed to consider (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony of expert witnesses. Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-56, 157 n.5). The list of factors is not exhaustive.

Upon consideration of the record, the Court is not persuaded that the motion for appointment of counsel is warranted at this

time. It is unclear whether Plaintiff's claim has arguable merit. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice Plaintiff's Motion For Appointment Of Counsel. (D.I. 19)

III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 19) is **DENIED** without prejudice.

February /2, 2010
DATE

*[signature]*
UNITED STATES DISTRICT JUDGE